B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** Robert and Nancy Henry | **DEFENDANTS** Andres and Jane Quintana |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) — | **ATTORNEYS** (If Known) Travis Sasser 2000 Regency Pkwy, Suite 320 Cary, NC 27518 |
| **PARTY** (Check One Box Only) ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin ☒ Creditor ☐ Other ☐ Trustee | **PARTY** (Check One Box Only) ☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor ☐ Other ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Section 523(a)(2). We object to discharge of debt due to false representation on which we relied for a real estate transaction (see attached letter to Mr. Richard Sparkman.)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23
☐ Check if a jury trial is demanded in complaint | Demand $

Other Relief Sought: Return of all money awarded in Small Claims Court decision of 6/23/20, including all court filing fees we have had to pay: $5165 + filing fees and interest backdated to date of breach: 1/20/20

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>Andres and Jane Quintana | BANKRUPTCY CASE NO.<br>20-02391-5-SWH |||
| DISTRICT IN WHICH CASE IS PENDING<br>Eastern District, North Carolina | DIVISION OFFICE<br>Raleigh || NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||||
| *[signatures: Nancy C Henry / Robert M Henry]* ||||
| DATE<br>8/21/20 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Robert M. Henry<br>Nancy C. Henry ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

August 25, 2020
8 Moffett Court
Rochester, NH 03839

To: US Bankruptcy Court

From: Nancy and Robert Henry

Re: US Bankruptcy Case # 20-02391-5-SWH of
Andres and Jane Quintana

The purpose of this letter to file an Objection to the Discharge of the debt that Andres and Jane Quintana owe Robert and Nancy Henry that is listed as part of the US Bankruptcy case # 20-02391-5-SWH.

The objection to the discharge is based on Section 523(a) 2 of U.S. Bankruptcy Code in which the debtor shall not receive discharge for money, to the extent obtained by:

A. false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

B. use of a statement in writing:
   i. that is materially false;
   ii. respecting the debtor's or an insider's financial condition;
   iii. on which the creditor to whom the debtor is liable for such money, reasonably relied; and,
   iv. that the debtor caused to be made or published with intent to deceive

The following is a list of events that caused Jane and Andres Quintana of Wake Forest, NC to become debtors to Robert and Nancy Henry of Rochester, NH:

- The Quintanas had placed a home at 1069 Silverleaf Dr, Youngsville NC for sale through a real estate agent.
- January 10, 2020 we (Robert and Nancy Henry) made an offer to purchase the house as it was represented, by the Residential Property and Owner's Association Disclosure document dated and signed by Andres and Jane Quintana on July 18, 2019, as a 4-bedroom septic system. This information was published by the realtor on the MLS listing.
- The offer was accepted the same day. The following day a check for $3,000 (Due Diligence fee) was given to our real estate agent and who transferred the check to Andres and Jane Quintana, which they accepted and later deposited.
- After the offer was accepted by Andres and Jane Quintana, we went forward with hiring people to perform a property survey and various house/property related inspections.
- A couple of days after the offer was accepted by Andres and Jane Quintana and during the Due Diligence period, it was discovered that the house was, in fact, approved by Granville

- A couple of days after the offer was accepted by Andres and Jane Quintana and during the Due Diligence period, it was discovered that the house was, in fact, approved by Granville County, NC, the county in which the house at 1096 Silverleaf Drive is located, as a 3 Bedroom septic permit.
    - Exhibit A, Residential Property and Owner's Association Disclosure document, shows their representation of the house having a 4-bedroom septic
    - Exhibit B, Granville County Septic Records
- January 25, 2020 we (Robert and Nancy Henry) signed a Termination of Contract by Mutual Agreement which included the following clause:
    > "If any other amount or other consideration is to be paid in connection with the termination of the Contract, such amount/consideration is as follows: *$3,000 Due Diligence fee also to be refunded due to misrepresentation of house having a 4 Bedroom permit on RPD and MLS*"
- January 28, 2020 Jane Quintana signed the Termination of Contract by Mutual Agreement, agreeing to the return the Due Diligence fee based upon the statement in the agreement that there had been a misrepresentation on their part as to the characteristics of the property.
    - Exhibit C shows the dates of all the signatures on the document agreeing to refund the Due Diligence fee due to a misrepresentation of the property
- February 7, 2020 (the final day of the Due Diligence period) Andres Quintana signed the Termination of Contract by Mutual Agreement, thereby agreeing to return the Due Diligence fee and admitting to the misrepresentation.
- After Andres Quintana signed the Termination of Contract by Mutual Agreement, Robert Henry had two unproductive phone conversations with Andres Quintana. During both conversations he stated that it was not a matter of having the funds, but that he did not believe that the agreement he signed was a valid contract between them (Andres and Jane Quintana) and us (Robert and Nancy Henry). At the end of the second conversation he stated that we should not contact them again and that we could to take them to court.
- We proceeded to file a case with the small claims court in Wake County. Due to the Covid-19 pandemic, the court date was rescheduled twice and finally held on June 23, 2020 in Raleigh, NC.
    - At that time the small claims court of Wake County awarded a judgment to Robert and Nancy Henry of the following:
        - $3,000 for the Due Diligence fee
        - $2,165 for expenditures we incurred for inspections and a survey
        - filing fees for small claims court
        - interest retroactive to the "date of the breach", January 10, 2020.

Approximately one week later we were informed that Andres and Jane Quintana filed for bankruptcy.

There were a number of reasons that should cause this debt to NOT be discharged:
- Misrepresentation:
  - the house at 1096 Silverleaf Drive was misrepresented as having a 4-bedroom septic permit. Granville County had permitted the house as a 3-bedroom septic system and not a 4-bedroom septic system as claimed by Andres and Jane Quintana
  - the claim of having a 4-bedroom septic system would raise the value of the property compared to a 3-bedroom septic permit, thus Andres and Jane Quintana overstated the value of the property at 1096 Silverleaf Drive
- Refusal to comply with an agreement/contract they signed:
  - one week after signing the Termination of Contract by Mutual Consent, Andres Quintana told us he did not plan to pay this debt because he did not believe it to be a valid contract or agreement between them (Andres and Jane Quintana) and us (Robert and Nancy Henry).

In summary, Andres and Jane Quintana presented, in writing, a misrepresentation of the property that we relied upon in our offer to purchase their house at 1096 Silverleaf Drive. The misrepresentation of the septic system permit was published on the MLS website. By signing the Termination of Contract by Mutual Agreement which states,

> "$3,000 Due Diligence fee also to be refunded due to misrepresentation of house having a 4-bedroom septic on RPD and in MLS".

Andres and Jane Quintana acknowledged that they had misrepresented the house at 1096 Silverleaf Drive in Youngsville, NC. After signing the Termination of Contract by Mutual Agreement, Andres and Jane Quintana had an opportunity to repay the Due Diligence fee in a timely manner. The Due Diligence check was not deposited until after Jane Quintana signed the termination agreement. They did not abide by the agreement they signed and refused to further discuss the matter with us.

The Small Claims Court of Wake County found in a judgement on June 23, 2020 that Andres and Jane Quintana owe the Due Diligence fee, the additional property related expenditures, and related court costs. Included with the documents presented to the court was the Termination of Contract by Mutual Agreement in which Andres and Jane Quintana agreed that they had misrepresented the septic system for 1096 Silverleaf Drive.

Based upon the information presented above, we respectfully request that the debt (the full amount of the judgement of the Wake County Small Claims Court on June 23, 2020) that Andres and Jane Quintana have with Robert and Nancy Henry NOT be discharged.

Sincerely yours,

*[signatures]*

Robert and Nancy Henry

Exhibit A
(page 2)



**STATE OF NORTH CAROLINA**
**RESIDENTIAL PROPERTY AND OWNERS' ASSOCIATION DISCLOSURE STATEMENT**

### Instructions to Property Owners

1. The Residential Property Disclosure Act (G.S. 47E) ("Disclosure Act") requires owners of residential real estate (single-family homes, individual condominiums, townhouses, and the like, and buildings with up to four dwelling units) to furnish buyers a Residential Property and Owners' Association Disclosure Statement ("Disclosure Statement"). This form is the only one approved for this purpose. A disclosure statement must be furnished in connection with the sale, exchange, option, and sale under a lease with option to purchase where the tenant does not occupy or intend to occupy the dwelling. A disclosure statement is not required for some transactions, including the first sale of a dwelling which has never been inhabited and transactions of residential property made pursuant to a lease with option to purchase where the lessee occupies or intends to occupy the dwelling. For a complete list of exemptions, see G.S. 47E-2.

2. You must respond to each of the questions on the following pages of this form by filling in the requested information or by placing a check (√) in the appropriate box. In responding to the questions, you are only obligated to disclose information about which you have actual knowledge.

   a. If you check "Yes" for any question, you must explain your answer and either describe any problem or attach a report from an attorney, engineer, contractor, pest control operator or other expert or public agency describing it. If you attach a report, you will not be liable for any inaccurate or incomplete information contained in it so long as you were not grossly negligent in obtaining or transmitting the information.

   b. If you check "No," you are stating that you have no actual knowledge of any problem. If you check "No" and you know there is a problem, you may be liable for making an intentional misstatement.

   c. If you check "No Representation," you are choosing not to disclose the conditions or characteristics of the property, even if you have actual knowledge of them or should have known of them.

   d. If you check "Yes" or "No" and something happens to the property to make your Disclosure Statement incorrect or inaccurate (for example, the roof begins to leak), you must promptly give the buyer a corrected Disclosure Statement or correct the problem.

3. If you are assisted in the sale of your property by a licensed real estate broker, you are still responsible for completing and delivering the Disclosure Statement to the buyers; and the broker must disclose any material facts about your property which he or she knows or reasonably should know, regardless of your responses on the Disclosure Statement.

4. You must give the completed Disclosure Statement to the buyer no later than the time the buyer makes an offer to purchase your property. If you do not, the buyer can, under certain conditions, cancel any resulting contract (See **"Note to Buyers"** below). You should give the buyer a copy of the Disclosure Statement containing your signature and keep a copy signed by the buyer for your records.

Note to Buyer: If the owner does not give you a Residential Property and Owners' Association Disclosure Statement by the time you make your offer to purchase the property, you may under certain conditions cancel any resulting contract without penalty to you as the buyer. To cancel the contract, you must personally deliver or mail written notice of your decision to cancel to the owner or the owner's agent within three calendar days following your receipt of the Disclosure Statement, or three calendar days following the date of the contract, whichever occurs first. However, in no event does the Disclosure Act permit you to cancel a contract after settlement of the transaction or (in the case of a sale or exchange) after you have occupied the property, whichever occurs first.

5. In the space below, type or print in ink the address of the property (sufficient to identify it) and your name. Then sign and date.

Property Address: 1096 Silverleaf Drive, Youngsville, NC 27596

Owner's Name(s): Andre Quintana and Jane Quintana

Owner(s) acknowledge(s) having examined this Disclosure Statement before signing and that all information is true and correct as of the date signed.

Owner Signature: _____ Date 6/18/19
Owner Signature: _____ Date 6/18/19

Buyers acknowledge receipt of a copy of this Disclosure Statement; that they have examined it before signing; that they understand that this is not a warranty by owners or owners' agents; that it is not a substitute for any inspections they may wish to obtain; and that the representations are made by the owners and not the owners' agents or subagents. Buyers are strongly encouraged to obtain their own inspections from a licensed home inspector or other professional. As used herein, words in the plural include the singular, as appropriate.

Buyer Signature: _____ Date _____
Buyer Signature: _____ Date _____

REC 4.22
REV 7/18

Page 1 of 4

# GRANVILLE-VANCE HEALTH DEPARTMENT—Sewage Disposal Record

Owner or Contractor **Jay Davis**  Date **5-2-03**  S.R. No. **1215**
Location/Address **Silverleaf Dr.**
Subdivision/Mobile Home Park Name **Silverleaf**  Lot Size **1.01**
Permit No. # **3707**  Lot No. **34**

New System ✓  Repair ✓
House ✓  Mobile Home ___  Business ___
No. Bedrooms **3**  No. People ___  No. Toilets ___
Water Supply: Private ✓  Approved ___
Semi-Public ___  Unapproved ___
Public ___  None ___

Nitrification System:
Tank Size **1000** gal.
Distribution Box ✓  No. Lines **5**  repair
Nitrification Field **1050** Sq. Ft.

Lines:
| | 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Width | 3' | 3 | 3 | 3 | 3 | 3 | 3' |
| Length | 20' | 20 | 20 | 20 | 70 | 65' | 70' |
| Grade | 0" | 0 | 0 | 0 | 0 | 0' | 0' |
| Stone Depth | 12" | 12 | 12 | 12 | 12 | 12" | 12" |

Layout to be followed by installer:

Improvements Permit By **Jimmy B. Clayton, RS**  Installer **Brantley**
Certificate of Completion By **Jimmy B. Clayton, RS** / **Eddie Yount**  Date of Inspection **5-7-03**  /  **10-7-03**

* Construction must comply with all other applicable state and local regulations, but the permit is not a guarantee that the system will not malfunction and the Granville-Vance Health District will not be held responsible for a malfunctioning system.

dotloop signature verification: dtlp.us/tom5-ovik-3CPtY

Exhibit C

# TERMINATION OF CONTRACT BY MUTUAL AGREEMENT
# WITH RELEASE OF EARNEST MONEY DEPOSIT

(This form is designed for use by a buyer and seller who agree to terminate the Offer To Purchase and Contract (Standard Form 2-T) or the Offer To Purchase and Contract-Vacant Lot/Land (Standard Form 12-T) and have agreed on how the Earnest Money Deposit is to be disbursed. Form 391-T may be used in situations where the parties have not agreed on disbursement of the Earnest Money Deposit.)

Seller: Andre Quintana and Jane Quintana

Mailing Address: 8705 Kim Alden Court, Wake Forest NC 27587

Buyer: Robert M Henry and Nancy C Henry

Mailing Address: 8 Moffet Court, Rochester, NH 03839

Seller and Buyer are referred to herein collectively as "the Parties".

1. **Contract.** The Parties entered into a contract for the purchase and sale of the following real property: 1096 Silverleaf Drive Youngsville NC 27596-7700 ("Contract").
The Effective Date of the Contract is 01/12/2020.

2. **Intent.** The Parties mutually desire to terminate the Contract and release each other from any further obligations under the Contract, and to surrender all rights they have under the Contract on the terms set forth herein, including any obligations and rights relating to the Earnest Money Deposit described in the Contract ("Deposit").

3. **Termination of Agreement/Release from Liability.** The Parties agree that the Contract is hereby terminated, and they hereby surrender all rights they have under the Contract and release each other from any further obligations thereunder. The Parties hereby release and forever discharge each other and their respective successors in interest from any and all claims, demands, rights and causes of action of whatsoever kind and nature arising from the Contract.

4. **Deposit/Other Amounts.** The Parties agree that the Deposit shall be disbursed by the Escrow Agent in the following manner: By check to be mailed to 8 Moffet Court, Rochester NH 03839.

If any other amount or other consideration is to be paid in connection with the termination of the Contract, such amount/consideration is as follows (*describe amount/consideration to be paid and when payable; if none, insert "N/A"*): $3,000 Due Diligence fee also to be refunded due to misrepresentation of house having a 4 bedroom septic on RPD and in MLS.

5. **Effective Date.** This Termination of Contract and Release shall be effective on the date that it has been signed by all of the Parties.

THE NORTH CAROLINA ASSOCIATION OF REALTORS®, INC. MAKES NO REPRESENTATION AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION OF THIS FORM IN ANY SPECIFIC TRANSACTION.

| Date | Andre Quintana | dotloop verified 02/07/20 2:40 PM EST M5BE-IHXX-UVHG-RGFH | Date 01/25/2020 | Robert M Henry | dotloop verified 01/25/20 6:21 PM EST 5ZME-SGMK-WDR2-GI60 |
|---|---|---|---|---|---|
| Seller | | | Buyer | | |
| Date | Jane Quintana | dotloop verified 01/28/20 12:37 PM EST YRPI-QGP1-R7NX-OMNN | Date 01/25/2020 | Nancy C Henry | dotloop verified 01/25/20 5:15 PM EST OVFR-3JPE-C2DD-ODQY |
| Seller | | | Buyer | | |

Entity Seller: N/A
(Name of LLC/Corporation/Partnership/Trust/etc.)
By:
Name: N/A
Print Name
Title: N/A
Date: N/A

Entity Buyer: N/A
(Name of LLC/ Corporation/ Partnership/Trust/etc.)
By:
Name: N/A
Print Name
Title: N/A
Date: N/A





Page 1 of 1

North Carolina Association of REALTORS®, Inc.

STANDARD FORM 390-T
Revised 7/2019
© 7/2019